*Lowe v. Menard*, 237-4-18 Wncv (Teachout, J., June 5, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                    **CIVIL DIVISION**
**Washington Unit**                                                  **Docket No. 237-4-18 Wncv**

**SCOTT LOWE**
    **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

### DECISION
### Cross-Motions for Summary Judgment

Scott Lowe is an inmate in the custody of the Commissioner of the Department of Corrections (DOC). He seeks Rule 75 review of the DOC's decision to not give him a "bottom bunk pass" guaranteeing him the ability to sleep on a bottom-level bunk. Mr. Lowe claims that he needs to sleep on a bottom bunk due to "night terrors" that he suffers as a consequence of his diagnosed, serious psychiatric illnesses, depression and post-traumatic stress disorder. The DOC has filed a motion for summary judgment arguing that bed-height is immaterial to treatment for night terrors, and that Mr. Lowe has failed to come forward with any expert testimony in support of his preferred treatment, sleeping on a bottom bunk. Mr. Lowe has filed a cross-motion for summary judgment arguing that the DOC's failure to give him a bottom bunk pass violates the Eighth Amendment.

There is no dispute that the DOC has offered Mr. Lowe treatment consistent with the standard of care in the community for what he experiences as night terrors, episodes during sleep that may include fear, screaming, and kicking. There also is no dispute that Mr. Lowe has refused to accept the treatment offered by the DOC.

The DOC characterizes Mr. Lowe's claim in this case as medical malpractice, arguing that he refuses treatment within the standard of care in preference for the treatment of his choice—sleeping on the bottom bunk—that will have no bearing on any psychiatric condition causing night terrors. The DOC faults him for not coming forward with expert testimony showing that sleeping on a bottom bunk treats night terrors. The DOC's motion is denied because it plainly mischaracterizes Mr. Lowe's claim. Mr. Lowe expressly seeks to sleep on a bottom bunk for safety reasons. He claims that his night terrors have caused him to fall out of bed and are likely to do so in the future. He invokes his right to refuse the treatment offered by the DOC and objects that the DOC will not accommodate his condition. See generally 1 Michael B. Mushlin, Rights of Prisoners § 4:38 (5th ed.) (discussing prisoners right to refuse treatment).

Mr. Lowe's Eighth Amendment claim also fails. Mr. Lowe cannot at once claim that the DOC is making proper medical treatment available to him *and* being deliberately indifferent to

his needs.  See *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) ("Prisoners do not have a constitutional right to any particular type of treatment.  Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  (citation omitted)).

Mr. Lowe claims that for most of the time he has been incarcerated, which has been since 2011, he has had a bottom bunk pass as an accommodation provided in compliance with the Americans with Disabilities Act (ADA), and that the refusal to provide him a pass now violates his right to an accommodation under the ADA.  Neither party has addressed Mr. Lowe's ADA claim, which remains to be resolved.

## ORDER

For the foregoing reasons, the parties' cross-motions for summary judgment are *denied*.

A pretrial status conference will be scheduled to plan for an evidentiary hearing.

Dated at Montpelier, Vermont this _____ day of June 2019.


_____
Mary Miles Teachout
Superior Judge

2